# L. MARKS v. THE STATE.

CRIMINAL LAW. *Speculating in county warrants. Supervisor. Code* 1892, *§* 1239.

Under *§* 1329, code 1892, prohibiting any member of the board of supervisors, or clerk thereof, from speculating in county warrants, it is no defense that such officer, in buying a warrant below par, intended to let another have it, it not appearing that he did not use his own money, or by his purchase become the owner of, or interested in, the warrant.

FROM the circuit court of Quitman county.

HON. R. W. WILLIAMSON, Judge.

Section 1239, code 1892, is as follows : "If any member of the board of supervisors, or the clerk of said board, shall buy or in any way, directly or indirectly, become the owner of, or interested in, any warrant or certificate, or claim or demand, payable out of the county treasury of his county, without paying therefor the full face value of such warrant or certificate or demand, or interest in it, he shall, upon conviction, be fined not exceeding five hundred dollars, and be imprisoned not exceeding six months in the county jail, and be removed from office."

Appellant, a member of the board of supervisors of Quitman county, was indicted under the above statute for the offense of having purchased two certain warrants of said county below their face value. The indictment follows the language of the statute. There was no conflict in the evidence. Only one witness was examined, and he testified to having sold to the accused two warrants at a discount of fifteen per cent.; that the trade was made directly with the accused, and in his office; that at the time of the purchase the accused told witness that the warrants were for the Louisville, New Orleans & Texas Railway Company, or for one McGinnis, its land agent or commissioner. On cross-

examination, the witness stated that accused told him he wanted the warrants for said company or its agent, to be used in the payment of its taxes.

In behalf of the state, the court instructed the jury that, if the accused bought the warrants for less than their face value and paid the witness for them, he was guilty as charged, although he bought the warrants for another. The accused was convicted, and, from a sentence of fine, imprisonment and removal from office, prosecutes this appeal.

*F. A. Montgomery, Jr.,* for appellant.

The uncontradicted evidence is that appellant bought merely as an agent. While it is ordinarily true that one cannot excuse himself from the operation of a criminal statute by showing that he acted as the agent of another, the rule is not applicable where the act done by the agent is one which the principal could lawfully do. Appellant's principal, in person, could lawfully have bought the warrants. It follows, therefore, that the purchase by an agent was not unlawful. *Riley* v. *The State,* 43 Miss., 397; *Fahey* v. *The State,* 62 *Ib.,* 402; *Ritcher* v. *The State,* 63 *Ib.,* 304; Story on Agency, 261, 262. This case is analogous to *Monaghan* v. *The State,* 66 Miss., 513, where a liquor dealer sold intoxicating liquor to a minor, who bought merely as the agent of an adult. See, further, *Johnson* v. *The State,* 63 Miss., 228.

*Frank Johnston,* attorney-general, for the state.

The statute in question must be construed so as to suppress the mischief and advance the remedy for which it was enacted. The intention of the legislature must be discovered and effectuated. The manifest purpose of the statute is to prevent a county officer, who has a voice in controlling county moneys, from speculating or dealing, directly or indirectly, in county warrants. The statute was passed for reasons of public policy, and a construction must be given in conformity thereto. It is made penal to buy county war-

rants.　In its ordinary sense, the word "buy" means a purchase for a consideration either for one's self or for another. If the legislature had not intended to use the word in its broader meaning, it would have added some saving clause. Surely, it would not consist with the policy of the statute to permit a member of the board to establish an agency and buy and sell county warrants for others.

CAMPBELL, C. J., delivered the opinion of the court.

If the appellant had shown that by his purchase of the county warrants he did not become the owner of or interested in them or either of them, in any way, a very different question would be presented; but that does not appear.　There is nothing to suggest that he did not use his own money, and, by his purchase, become the owner of the warrants, although he may have intended to let Mr. McGinnis or the railway company have them.　There is nothing in evidence to relieve him from the provisions of the statute under which he was indicted, and which he is shown to have violated.　Code 1892, § 1239.

*Affirmed.*